F I L E D
03/07/2022
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Ashley Williams
DV-32-2022-0000226-UT
Vannatta, Shane
1.00

David K.W. Wilson, Jr.
Robert Farris-Olsen
Morrison, Sherwood, Wilson & Deola
401 North Last Chance Gulch
P.O. Box 557
Helena, MT 59624
(406) 442-3261 Phone
(406) 443-7294 Fax
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiffs*

## MONTANA FOURTH JUDICIAL DISTRICT COURT
## MISSOULA COUNTY

| | |
|---|---|
| JOHN C. REIHANSPERGER<br><br>                                    Plaintiffs,<br><br>        v.<br><br>BRETZ, INC.; ROLLING STOCK, INC. d/b/a GREASE MONKEY, INC.; MERCEDES-BENZ USA, LLC; and JOHN DOES 1-10,<br><br>                                    Defendants. | Cause No: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff John C. Reihansperger and for his complaint against Bretz, Inc. ("Bretz"), Rolling Stock, Inc., d/b/a Grease Monkey, Inc., ("Grease Monkey"), and Mercedes-Benz USA, LLC ("Mercedes"), and John Does 1-10, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     John Reihansperger is a resident of Wisconsin. At the time of the allegations contained herein, Reihansperger was a resident of Whitefish, Flathead County, Montana.

2.     Bretz, Inc., is a for-profit business located in Missoula, Missoula County, Montana. It

Exhibit A - 1

operates under the assumed Business Name "Bretz RV & Marine." Bretz's core values are based "on honesty, integrity, service to the community and always placing the customer first."

3.      Rolling Stock, Inc. d/b/a Grease Monkey, Inc., is a foreign business, based in Mesa, Arizona. It owns and operates the Grease Monkey Franchise at 665 Treeline Road, Kalispell, Flathead County, Montana.

4.      Mercedes-Benz USA, LLC, is a foreign for-profit company engaged in the sale and servicing of Mercedes-Benz vehicles, including, but not limited to Mercedes Sprinter Vans. It is also the warrantor for Mercedes-Benz Sprinter vans.

5.      This Court has jurisdiction over this matter.

6.      Venue is proper in Missoula County pursuant to § 25-2-122, MCA and § 30-14-133, MCA, in that the events at issue occurred in the County and the Bretz does business in this County.

## GENERAL ALLEGATIONS

7.      In the summer of 2021, John Reihansperger and his then-wife Karen Reihansperger, were looking forward to a new chapter in their life. They intended to sell their home in Whitefish and purchase a motorhome to travel the country.

8.      In furtherance of that goal, the Reihanspergers sold their Whitefish home. And, on or about June 10, 2021, they purchased a 2018 Tiffin Wayfarer from Bretz. The Wayfarer was built on a Mercedes sprinter van base.

9.      At the time, the Wayfarer had 9,349 miles.

10.     The Wayfarer cost $145,982, and the Reihanspergers paid an initial $50,000 cash deposit.

11.     At the time of the purchase, the Reihanspergers also purchased a service contract for $12,920, as well as a number of other protection plans (i.e., warranties) for the paint, windshield, and roadside assistance. In all, the Reihanspergers paid approximately $20,000 for these additional protections.

12.     As part of the purchase, Bretz expressly included a "limited warranty" covering certain items for 30 days or 1,000 miles from the date of purchase.

13.     The Wayfarer also came with a warranty from Mercedes Benz for the engine and chassis, as well as providing for towing costs in the case of an engine break-down.

14.     As soon as the Reihanspergers drove the Wayfarer off the lot, it began having trouble. Almost immediately the maintenance light turned on, the air conditioning did not function, the generator would not start, and the hot water in the shower did not work.

15.     Obviously frustrated, Reihansperger took the Wayfarer to a mechanic friend of his, who observed that Bretz had done practically nothing to prepare the Wayfarer for sale. For instance, the oil had not been changed, it needed diesel exhaust fluid, the oil in the generator was low and dirty.

16.     Because of these problems, Mr. Reihansperger called Bretz to determine how to proceed. Bretz advised Mr. Reihansperger to get the oil changed, and Bretz would pay the bill. Bretz made no mention that the warranty from Mercedes required Mr. Reihansperger to use only a Mercedes approved oil filter.

17.     Bretz also refused to do the service itself, even though it failed to change the oil before selling it.

18.     So, on July 3, 2021, Mr. Reihansperger had the oil changed at Grease Monkey. Grease

Monkey used an aftermarket oil filter that was not approved by Mercedes. At the time, the Wayfarer had 9,884 miles.

19.     Grease Monkey's service comes with a limited warranty. The warranty protects against defects in materials or workmanship for three months or 3,000 miles.

20.     Based on the other problems with the Wayfarer, i.e., lack of air, and hot water, Mr. Reihansperger drove it back to Bretz for repairs. Bretz performed maintenance on the Wayfarer and asserted that it fixed everything was wrong with the Wayfarer.

21.     During the repair visit, Mr. Reihansperger requested a refund because of the continuing issues with the vehicle. He was met with hostility. Bretz refused to accept a return of the vehicle and exclaimed "we're not Walmart."

22.     So, Mr. Reihansperger returned to Whitefish, but things continued to malfunction. The batteries were weak, and the shower functionality continued to be intermittent.

23.     In all, Mr. Reihansperger and his then-wife travelled from Whitefish to Missoula approximately nine times to have the Wayfarer looked at. But the repairs never fixed the problems.

24.     Based in large part on the stress of not having a home, and living in a defective and dysfunctional Wayfarer, the Reihanspergers ultimately divorced in 2021.

25.     Following the separation, Mr. Reihansperger began looking for a new place to live. He took the Wayfarer around the western part of the United States.

26.     After driving approximately 5,000 miles the Mercedes engine quit on or about August 24, 2021. At the time, it had approximately 15,000 miles on it.

27.     Additionally, the tires began delaminating, creating a dangerous situation.

28.    After the engine died, Reihansperger had it brought to Missoula to DeMarois Auto. The tow cost Reihansperger approximately $1,300.

29.    DeMarois attempted to get Mercedes to cover the damage under its warranty. However, because Grease Monkey put in a non-approved oil filter Mercedes refused to provide warranty coverage.

30.    Reihansperger then contacted Grease Monkey to obtain coverage for the damage. Grease Monkey refuses to respond to Reihansperger.

31.    Because the Wayfarer is inoperable, it is currently stored at DeMarois.

32.    As a result of the above, Reihansperger has been damaged. His damages include but are not limited to the cost of the Wayfarer, which Reihansperger continues to pay on; the cost of towing the Wayfarer; the cost of storage; insurance and registration costs; other costs related to the damage to Wayfarer; and emotional distress.

## CLAIMS AGAINST BRETZ

## COUNT ONE – MONTANA CONSUMER PROTECTION ACT

33.    The preceding paragraphs are realleged as though set forth herein.

34.    The Montana Consumer Protection Act (MCPA) prohibits unfair or deceptive acts or practices in any trade or commerce. Bretz is subject to the MCPA as they are engaged in trade or commerce. Reihansperger is a consumer.

35.    Defendant's unfair or deceptive acts or practices include, but are not limited to:

a.    Selling the Reihansperger a defective product;

b.    Recommending and representing that Reihansperger get the Wayfarer's oil changed at a non-Mercedes authorized shop;

c.      Failing to repair the defects in Wayfarer;

d.      Failing to inspect the Wayfarer before selling it, including its failure to change the oil;

e.      Representing that the implied warranties of merchantability and fitness for a particular defect were disclaimed;

f.      And failing in general to honor its warranty.

36.     Reihansperger has experienced an ascertainable loss of money or property, and is entitled to his actual damages, up to three times the actual damages, equitable relief, and attorney's fees, under § 30-14-133 (1), MCA.

## COUNT TWO – NEGLIGENCE

37.     The preceding paragraphs are realleged as though set forth herein.

38.     Bretz owed Reihansperger a duty to exercise reasonable care and/or competence in inspecting the Wayfarer before sale to discover any defects.

39.     Bretz breached its duties as set forth herein, and Reihansperger was harmed.

40.     Reihansperger entitled to damages for Defendants' negligence.

## COUNT FIVE – BREACH OF IMPLIED WARRANTIES

41.     The preceding paragraphs are realleged as though set forth in full hereunder.

42.     Bretz sold the Wayfarer with implied warranties of fitness for a particular purpose and merchantability.

43.     A warranty that the Wayfarer was fit for the purpose of uses as a motorhome in Montana was implied by law pursuant to § 30-2-315, MCA.

44.     A warranty of merchantability of Wayfarer was also implied by law pursuant to § 30-2-

314, MCA.

45.     Bretz breached these warranties because the Wayfarer had significant, material issues, immediately upon the sale of the vehicle, including, but not limited to, issues with electricity, water, air, and the generator. As well as the tires delaminating within the first 6,000 miles of driving.

46.     As a result of these breaches, Reihansperger was injured.

47.     Bretz is, therefore, liable for the breaches of the implied warranties.

## COUNT SIX – MAGNUSON-MOSS WARRANTY ACT

48.     The previous paragraphs are realleged as though set forth in full hereunder.

49.     Bretz failed to comply with the implied warranties of merchantability and fitness for a particular purpose and failed to conform the Wayfarer to its express warranties.

50.     Bretz was given a number of opportunities to fix the problems but was unable to resolve the issues.

51.     Bretz is therefore liable to Reihansperger for his actual damages, his costs and expenses incurred in bringing this suit, as well as his attorney fees and punitive damages under the Magnuson-Moss Warranty Act.

## COUNT SEVEN – PUNITIVE DAMAGES

52.     The previous paragraphs are realleged as though set forth in full hereunder.

53.     Bretz had knowledge of facts, or intentionally disregarded facts, which created a high probability of injury to Reihansperger, and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to him or deliberately proceeded to act with indifference to the high probability of injury to him.

Exhibit A - 7

54.     Reihansperger is entitled to punitive damages under § 27-1-221, MCA.

## CLAIMS AGAINST GREASE MONKEY

## COUNT EIGHT – MONTANA CONSUMER PROTECTION ACT

55.     The preceding paragraphs are realleged as though set forth herein.

56.     The MCPA prohibits unfair or deceptive acts or practices in any trade or commerce. Grease Monkey is subject to the MCPA as they are engaged in trade or commerce. Reihansperger is a consumer.

57.     Defendant's unfair or deceptive acts or practices include, but are not limited to:

     a.     Replacing the oil-filter with a non-Mercedes, and defective, filter;

     b.     Failing to repair the vehicle after its product ruined the engine;

     c.     Failing to advise and/or recognize that the Wayfarer's engine required a specific oil filter;

     d.     And failing in general to honor its warranty.

58.     Reihansperger has experienced an ascertainable loss of money or property, and is entitled to his actual damages, up to three times the actual damages, equitable relief, and attorney's fees, under § 30-14-133 (1), MCA.

## COUNT NINE – NEGLIGENCE

59.     The preceding paragraphs are realleged as though set forth herein.

60.     Grease Monkey owed the Reihansperger a duty to exercise reasonable care and/or competence in changing the oil and replacing the oil filter in Wayfarer.

61.     Grease Monkey breached its duty as set forth herein, and Reihansperger was harmed.

62.     Reihansperger entitled to damages for Defendant's negligence.

## COUNT TEN – BREACH OF EXPESS WARRANTIES

63.     The preceding paragraphs are realleged as though set forth in full hereunder.

64.     As part of Grease Monkey's oil and filter change, it provides a limited warranty, which covers services and products listed on the customer's invoice. Here, that was the oil and filter change on the Wayfarer.

65.     The limited warranty specifically protects against defects in materials or workmanship for its services and products for three months or 3,000 miles.

66.     Grease Monkey breached this express limited warranty when it failed to repair or replace the damage caused by its defective products and workmanship.

67.     As a result of these breaches, Reihansperger was injured.

68.     Grease Monkey is, therefore, liable for its breach of express warranty.

## COUNT ELEVEN – BREACH OF IMPLIED WARRANTIES

69.     The preceding paragraphs are realleged as though set forth in full hereunder.

70.     Grease Monkey sold the oil filters to Reihansperger with the implied warranties of fitness for a particular purpose and merchantability.

71.     A warranty that the oil filters was fit for the purpose of use in the Wayfarer was implied by law pursuant to § 30-2-315, MCA.

72.     A warranty of merchantability of oil filter was also implied by law pursuant to § 30-2-314, MCA.

73.     Grease Monkey breached these warranties because the oil filter had significant, material issues, immediately upon functioning of the engine.

74.     As a result of these breaches, the Reihansperger was injured.

75.     Grease Monkey is, therefore, liable for the breaches of the implied warranties.

## COUNT TWELVE – MAGNUSON-MOSS WARRANTY ACT

76.     The previous paragraphs are realleged as though set forth in full hereunder.

77.     Grease Monkey failed to comply with its express limited warranty and implied warranties of merchantability and fitness for a particular purpose.

78.     Grease Monkey was given a number of opportunities to fix the problems but refused to provide assistance or honor its warranties.

79.     Grease Monkey is therefore liable to Reihansperger for his actual damages, his costs and expenses incurred in bringing this suit, as well as his attorney fees and punitive damages under the Magnuson-Moss Warranty Act.

## COUNT THIRTEEN – PUNITIVE DAMAGES

80.     The previous paragraphs are realleged as though set forth in full hereunder.

81.     Grease Monkey had knowledge of facts or intentionally disregarded facts which created a high probability of injury to the Reihansperger, and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to him or deliberately proceeded to act with indifference to the high probability of injury to him.

82.     Reihansperger is entitled to punitive damages under § 27-1-221, MCA.

## CLAIMS AGAINST MERCEDES

## COUNT FOURTEEN – BREACH OF EXPESS WARRANTIES

83.     The preceding paragraphs are realleged as though set forth in full hereunder.

84.     As part of Mercedes diesel engine warranty, it provides coverage for towing.

85.     Reihansperger incurred $1,300 in towing costs that Mercedes refuses to pay for; thus,

breaching the express warranty.

86.     As a result of this breach, Mr. Reihansperger was injured.

87.     Mercedes is, therefore, liable for its breach of express warranty.

## COUNT FIFTEEN – MAGNUSON-MOSS WARRANTY ACT

88.     The previous paragraphs are realleged as though set forth in full hereunder.

89.     Grease Monkey failed to comply with its express limited warranty and implied warranties of merchantability and fitness for a particular purposes.

90.     Mercedes was given an opportunity to exercise its coverage for towing under the warranty, but refused to do so.

91.     Mercedes is therefore liable to Reihansperger for his actual damages, his costs and expenses incurred in bringing this suit, as well as his attorney fees and punitive damages under the Magnuson-Moss Warranty Act.

## COUNT SIXTEEN – MONTANA CONSUMER PROTECTION ACT

92.     The preceding paragraphs are realleged as though set forth herein.

93.     The MCPA prohibits unfair or deceptive acts or practices in any trade or commerce. Mercedes is subject to the MCPA as they are engaged in trade or commerce. Reihansperger is a consumer.

94.     Defendant's unfair or deceptive acts or practices include, but are not limited to, failing to honor its towing warranty.

95.     Reihansperger has experienced an ascertainable loss of money or property, and is entitled to his actual damages, up to three times the actual damages, equitable relief, and attorney's fees, under § 30-14-133 (1), MCA.

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for Judgment jointly and/or severally against all Defendants by the Court or Jury:

1.    That Reihansperger be awarded all his actual damages, along with interest on damages;

2.    That Reihansperger be awarded three-times his actual damages pursuant to the MCPA.

3.    That punitive damages be awarded in an amount to be specified at trial;

4.     That Reihansperger be awarded his costs and fees; and,

5.    For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, M. R. Civ. P., Reihansperger hereby demands a trial by jury of the issues triable by right by jury.


DATED this 7th day of March 2022.

MORRISON SHERWOOD WILSON & DEOLA PLLP


By:     /s/ Robert Farris-Olsen
          Robert Farris-Olsen
          Attorney for Plaintiffs

Exhibit A - 12